IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANNA MARIA AGOLLI        *
              *
  v.           *   Civil No. JFM-11-2806
              *
OFFICE DEPOT, INC.       *
            *****

MEMORANDUM

  Plaintiff has instituted this action for employment discrimination against her former employer, Office Depot, Inc. Her complaint contains four counts: count I, asserting a claim for disparate treatment based on race; count II, asserting a claim for hostile work environment; count III, asserting a claim for retaliation; and count IV, asserting a claim for religious discrimination. Office Depot has filed a motion to dismiss. The motion will be granted.

  The claim asserted in count II is time-barred. All of the alleged acts constituting the hostile work environment to which plaintiff allegedly was subjected occurred more than 300 days before the institution of this suit. Therefore, 42 U.S.C. §2000e-5(e)(1) renders the hostile work environment claim untimely. Plaintiff argues in her opposition memorandum that the termination of her employment occurred within 300 days of the filing of the suit, and that the termination of her employment was part and parcel of the hostile work environment to which she was subjected. No such claim is made in the complaint, however. To the contrary, count I alleges that her employment was terminated because of her race.

  Counts I, III, and IV must be dismissed because plaintiff did not exhaust her administrative remedies as to the claims asserted in those counts. No allegations pertaining to her charges of race discrimination, retaliation, and religious discrimination were included in her

1

EEOC charge. To the contrary, the thrust of her EEOC charge is that she was sexually harassed, reported the alleged harassment, and that the harassment thereafter continued. Her claims for race discrimination, retaliation, and religious discrimination are not "reasonably related" to a charge. *See Chacko v. Patuxent Inst.*, 429 F.3d 505, 506 (4th Cir. 2005).[1]

Finally, it appears that the religious discrimination claim asserted in count IV is untimely. It also appears that plaintiff has abandoned that claim because she has not opposed Office Depot's motion to dismiss that claim.

A separate order granting Office Depot's motion to dismiss and dismissing this action is being entered herewith.

Date:   August 22, 2012             /s/
                                    J. Frederick Motz
                                    United States District Judge

---

[1] Plaintiff asserts that allegations concerning her claims for race discrimination, retaliation, and religious discrimination are contained in "Continuation Sheets" appended to her EEOC complaint. There is no evidence, however, that the Continuation Sheets were ever provided to Office Depot. Moreover, the description of alleged mistreatment stated in the "Continuation Sheets" is disjointed and rambling and it is not sufficiently focused to alert either the EEOC or Office Depot to the claims that plaintiff now seeks to resurrect.